**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **B.R.,** ***an individual*****,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:25-cv-874** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **JP & MC, LLC,** | : | **Magistrate Judge Kimberly A. Jolson** |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Defendant JP & MC, LLC's Motion to Dismiss or Transfer Venue (ECF No. 11). For the reasons set forth below, the Motion to Dismiss is **DENIED as moot**, but the Motion to Transfer is **GRANTED**.

## I. BACKGROUND

This case arises under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and the Child Abuse Victim's Rights Act ("CAVRA"), 18 U.S.C. § 2255. Plaintiff B.R., proceeding anonymously, brings this lawsuit against Defendant JP & MC, LLC. She alleges that she was the victim of sex trafficking at the Sugar Creek Inn in Henderson, Kentucky for approximately three weeks in March 2014 when she was fifteen years old. (First Am. Compl., ECF No. 5 ¶¶ 1, 51). Defendant is alleged to have owned, operated, and supervised this Sugar Creek Inn during that time. (*Id.* ¶¶ 10–11).

Plaintiff is a Kentucky citizen and resides there in Madisonville. (*Id.* ¶ 8). Defendant is a Kentucky limited liability company based and operating within the Commonwealth of Kentucky. (*Id.* ¶ 10). No allegations connect this action to Ohio, and the First Amended Complaint does not explain why the Southern District of Ohio would be an appropriate venue. Plaintiff does invoke

the Court's subject-matter jurisdiction under 28 U.S.C. § 1331; she alleges that personal jurisdiction exists pursuant to the TVPRA and CAVRA. (*Id.* ¶¶ 14–15).

Plaintiff named Defendant as a party on September 4, 2025, and Defendant filed the instant motion on October 8, 2025. (ECF No. 11). Defendant initially argues that the case should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (*Id.* at 3–4). Alternatively, Defendant contends that the Court should exercise its discretion to transfer this case to the U.S. District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a). (*Id.* at 4–6).

Plaintiff opposes, arguing that the Court's prior jurisprudence in related cases demonstrates that personal jurisdiction is established pursuant to CAVRA, venue is proper, and a convenience transfer should be denied. (ECF No. 13 at 1–11).

In reply, Defendant withdraws its motion to dismiss for lack of personal jurisdiction. (ECF No. 14 at 1). Defendant still argues, however, that transfer to the Western District of Kentucky is appropriate given the absence of events connecting the case to Ohio and given the fact that Plaintiff's alleged trafficker was arrested and prosecuted in that district court. (*Id.* at 2–6).

This matter is ripe for review.

## II. LAW & ANALYSIS

Although Defendant has withdrawn its challenge to personal jurisdiction, the Court must first assure itself of jurisdiction "[b]ecause personal jurisdiction is a threshold determination linked to any subsequent order issued by the court." *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006). Plaintiff brings this suit in part under CAVRA, alleging that she was trafficked as a minor. (*E.g.*, ECF No. 5 ¶ 1). As the Court has previously explained, personal jurisdiction exists "over all defendants named in [CAVRA] minor cases, pursuant to 18 U.S.C. § 2255,"

through which Congress "confer[red] nationwide personal jurisdiction [by] includ[ing] a nationwide service of process provision" through § 2255(c)(2). *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *9–10 (S.D. Ohio Apr. 25, 2023) (Marbley, J.).

Thus, there is no jurisdictional issue in this case. The Court turns to the parties' dispute as to whether venue should be transferred pursuant to 28 U.S.C. § 1404.

**A. Applicable Venue Transfer Standard**

When a case is brought in a permissible forum, venue may be changed "[f]or the convenience of the parties and witnesses[] [and] in the interest of justice," as district courts may "transfer civil actions "to any other district or division where it might have been brought or . . . to which all parties have consented." 28 U.S.C. § 1404(a). Because CAVRA provided for nationwide personal jurisdiction over defendants through the nationwide service of process provision, this forum is permissible. The question is "whether transfer to another forum is justified" when considering "the private interests of the parties and public-interest concerns." *Doe v. Edlow*, 2026 WL 1551970, at *9 (S.D. Ohio June 2, 2026) (Marbley, J.) (citing, *inter alia*, *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006)).

Importantly, transfer pursuant to 28 U.S.C. § 1404(a) must be to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. The balance of convenience should be strongly in favor of a transfer before such will be granted. The decision whether to transfer venue is committed to the sound discretion of the trial court. *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *15 (citations omitted). The statute "promotes 'an individualized case by case consideration of convenience and fairness.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

**B. Parties' Arguments**

Defendant argues that the Western District of Kentucky "is far more appropriate for the venue of this matter," as it is the location where the parties reside, where the hotel is located, where plaintiff's alleged trafficker was prosecuted and sentenced, and presumably, is where potential witnesses, physical evidence, and records would be found. (ECF No. 11 at 5). Defendant also argues that Plaintiff's choice of forum "is patently reflective of forum shopping in this case" because there is absolutely no connection between this district and the facts as alleged by Plaintiff. (*Id.* at 6). Defendant further argues that the Court should distinguish its prior precedent because there is no franchise relationship or franchisor distant from the hotel. (*See id.*).

Plaintiff counters that Defendant has "completely ignore[d]" the Court's prior decisions in related CAVRA cases, where the Court has previously found venue to be proper under 28 U.S.C. § 1391 since it has nationwide personal jurisdiction under CAVRA. (ECF No. 13 at 3–7). Turning to the venue transfer factors of § 1404(a), Plaintiff requests that the Court adopt its prior reasoning addressing prior venue transfer requests, where it previously determined that the private and public interest factors weighed against transfer from this district. (*Id.* at 7–11) (citing *In re Hotel TVPRA Litig.*, 2023 WL 3075851).

Defendant replies that the Court's prior decision in *In re Hotel TVPRA Litig.* is distinguishable from this case, as Defendant "is not and is not alleged to be a franchised hotel; it is a stand alone location." (ECF No. 14 at 3). Moreover, Defendant contends that the Court's previous decision does not preclude or weigh against transfer in this instance, as its reasoning was focused on multi-defendant franchise cases (*Id.* at 3–5). Defendant points out that here, Plaintiff's alleged trafficker is identified and was prosecuted in the Western District of Kentucky. To Defendant, this indicates that there would be "investigative witnesses known in the criminal

matter" in that district, including law enforcement. (*Id.* at 5). Plus, Defendant notes that since the Court issued its prior decision detailing venue analysis, TVPRA litigation has developed in the Western District of Kentucky. (*Id.* at 6).

### C. Analysis

In light of Defendant's compelling arguments for transferring venue, the Court takes the opportunity to review § 1404(a) in detail, and consider the analysis and holding of its April 25, 2023 *In re Hotel TVPRA Litig.* decision.

#### *1. Private Interest Factors*

First, the Court weighs five private-interest factors, including: (1) "the plaintiff's choice of forum"; (2) "where the parties reside"; (3) "the location of willing and unwilling witnesses"; (4) "the location of evidence"; and (5) "the locus of events that 'gave rise to the dispute.'" *Olin-Marquez v. Arrow Senior Living Mgmt., LLC*, 586 F. Supp. 3d 759, 776 (S.D. Ohio 2022) (Sargus, J.). Consider each in turn.

##### *a. Plaintiff's Choice of Forum; Residence of Parties*

The first two private factors look to the plaintiff's choice of forum and where the parties reside.

Generally, the plaintiff's choice of forum is one that courts "rarely disturb." *Edlow*, 2026 WL 1551970, at *10. This factor is particularly cogent and compelling where the plaintiff's choice of forum is the Plaintiff's residence. *L.M. v. G6 Hospitality, LLC*, 2025 WL 2772483, at * 10–11 (S.D. Ohio Sept. 29, 2025) (Marbley, J.) ("Here, Plaintiff is a resident of Ohio, and she chose to file suit here.").[1] At the same time, however, plaintiffs do not benefit from *carte blanche* deference

[1] Although the Court's opinion did not specify, L.M. alleged that she was a Columbus resident. Compl., ECF No. 1 ¶ 26, *L.M.*, Case No. 2:24-cv-4168 (Nov. 15, 2024).

in selecting any forum. There is an important "distinction between resident or citizen plaintiffs and foreign plaintiffs," and district courts are "fully justified" in hewing to that distinction. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Indeed, "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum," as it becomes "reasonable to assume that this choice is convenient." *Id.* at 255–56 (citing *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). "When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* at 256.

The Supreme Court's instruction regarding discounting a foreign plaintiff's choice of forum is clear. And in related hotel sex trafficking cases, the Court observed that a plaintiff's choice is entitled to little weight when the cause of action "has little connection with the chosen forum." *L.M.H. v. Red Roof Inns*, 2025 WL 961720, at *5 (S.D. Ohio Mar. 31, 2025) (Marbley, J.) (citation omitted). In *L.M.H.*, the Colorado plaintiff's choice to sue in this district ultimately weighed against transfer even though the alleged sex trafficking occurred in St. Louis. In that case, the Red Roof defendants maintained a business headquarters in New Albany, Ohio. *Id.* at *6–7. Thus, the Court explained that "the executive decision-making relevant to Plaintiff's TVPRA and CAVRA claims occurred" in Ohio, so there was at least *some* connection between the events at issue and this district. *Id.* at *6.

Here, by contrast, Plaintiff has advanced no allegation to connect her cause of action with this forum. Where a plaintiff's forum selection is not her home, less weight is afforded her choice. *Piper Aircraft Co.*, 454 U.S. at 255–56; *see id.* at 255 n.23 (collecting cases); *see also In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *18 ("Where there are multiple Defendants or non-Red Roof Defendants whose headquarters are elsewhere, . . . this Court will afford little weight to [a

plaintiff's] choice in forum."). While Congress provided for nationwide personal jurisdiction under CAVRA, *see* 18 U.S.C. 2255(c)(2), Congress has also expressly provided that the convenience of the parties, witnesses, and the interests of justice may favor transferring certain cases where venue is otherwise proper. *See* 28 U.S.C. § 1404(a). Interpreting "Congress's statutes as a harmonious whole rather than at war with one another," *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018), as the Court must, *e.g.*, *United States v. Benson*, 179 F.4th 470, 480 (6th Cir. 2026) (rejecting a reading that would place different statutory provisions "on a collision course" with one another). The Court is required to discount steeply (if not disregard) Plaintiff's choice to sue in the U.S. District Court for the Southern District of Ohio where neither she nor her case has any connection here. Doing so follows the Supreme Court's instruction in *Piper Aircraft Co.*, and interpreting § 1404(a) in this way does not put it at war with § 2255(c)(2), as the question remains whether venue should be transferred—not whether venue was properly laid in the first instance. Even at its most charitable to Plaintiff, this first factor weighs minimally against transfer.

By contrast, the second factor favors transfer, as neither Plaintiff nor Defendant actually reside in this district, but both are at home in Kentucky. *See Artisan Dev. v. Mountain States Dev. Corp.*, 402 F. Supp. 1312, 1316 (S.D. Ohio 1975) (Porter, J.).

*b. Location of Witnesses and Evidence*

The third and fourth private interest factors ask where willing and unwilling witnesses will be, as well as evidence.

Witness convenience "is considered one of the most important factors in determining whether to grant a motion to change venue." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *18. That said, the Court "can only properly assess [witness convenience] with information about the witnesses and their material testimony." *Id.* Such information may be, for obvious reasons, hard

to come by where a plaintiff alleges that she was the victim of sex trafficking. That is why the Court has previously rejected "generalized assertion[s]" that witnesses and evidence are in the transferee district. *L.M.*, 2025 WL 2772483, at *11. Moreover, the Court has often found that these factors weighed against transfer in cases with Red Roof entity defendants who are located in and thus have corporate executives within this district, reasoning that for other witnesses and evidence, there could be "no guarantee" that non-party witnesses or evidence would be "located at the scene of [the] trafficking." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *18–20; *accord L.M.H.*, 2025 WL 961720, at *5–6.

This case presents different circumstances. As Plaintiff alleged, (ECF No. 5 ¶ 71 n.18), and Defendant emphasized, (ECF No. 14 at 5), Plaintiff's trafficker, Jathar Williams, has already pleaded guilty to *trafficking her specifically*. His prosecution, plea, and sentencing occurred in the U.S. District Court for the Western District of Kentucky.[2] Thus, at least institutional witnesses from state and federal law enforcement would be found in the transferee district, and absent any information about other possible witnesses, the third factor favors transfer. Presumably, much relevant evidence would also be in that district—but absent a reason to believe otherwise, it presumably could also be transferred here without much issue. The fourth factor weighs minimally in favor of transfer, but ultimately matters little. *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *19.

*c. Locus of Events*

The fifth private interest factor inquires into "the locus of events that 'gave rise to the dispute.'" *Olin-Marquez*, 586 F. Supp. 3d at 776 (quoting *Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 877 (M.D. Tenn. 2019)). In prior decisions, the Court has considered this factor in tandem

[2] Case No. 4:14-cr-12 (W.D. Ky.) (ECF Nos. 27 at 2; 38).

when evaluating the location of evidence. That approach makes sense for multi-defendant cases involving claims (and evidence) spanning many fora, where the lawsuits concern "corporate policies to ignore . . . sex trafficking." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *19. Naturally, just as the evidence was spread out in those cases, so too would it be difficult to pinpoint a particular locus of events—rather, the events would presumably be dispersed. In dicta, the Court suggested that there was a "unique, nationwide nature of sex trafficking" making the private interest factors for the parties largely neutral, and explained that when those factors were neutral, § 1404 would not allow for transfer where such a transfer "would only shift inconvenience from one party to another." *Id.* (citation omitted).

The Court takes the opportunity to clarify its prior decisions and draw a distinction regarding this factor in this case. It is a fundamental principle of § 1404 jurisprudence that "litigation should proceed 'in that place where the case finds its center of gravity.'" *N. Am. Demolition Co. v. FMC Corp.*, 2005 WL 1126747, at *3 (N.D. Ohio Apr. 28, 2005) (Economus, J.) (citations omitted). In cases where there is absolutely no connection to the first venue, but the case has a clear "center of gravity" in another venue, this "important factor" favors transfer. *Sacklow*, 377 F. Supp. 3d at 880 (quoting *Wayne Cnty. Emp. Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 976 (E.D. Mich. 2009)). Put differently, even when venue is proper, where the operative facts of a case have no material connection to the state, this factor will strongly favor transfer. *Wayne Cnty.*, 604 F. Supp. 2d at 976. Such is the case here. "Nowhere . . . does [Plaintiff] point to any significant events that took place in [Ohio]." *ZPC 2000, Inc. v. SCA Grp., Inc.*, 86 F. Supp. 2d 274, 279 (S.D.N.Y. 2000). "In any event, the center of gravity of this case is most certainly not [Ohio]." *Oakley v. Remy Int'l, Inc.*, 2010 WL 503125, at *5 (M.D. Tenn. Feb. 5,

2010). This conclusion is only reinforced by Plaintiff's alleged trafficker being prosecuted and sentenced in the same district where Defendant seeks to transfer the case.

The Court's prior decisions addressing other discrete cases should not be misinterpreted as the Court deciding that it will *never* exercise its discretionary power to transfer new and related cases. Questions of venue convenience do necessitate a case-by-case inquiry. The Court's prior analysis addressed cases where there were "at a minimum two locations where a substantial series of events occurred that serve as the bases of these lawsuits." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *21. Here, by contrast, there appears to be a singular location where *all* the events occurred to form the basis of this lawsuit, and that centered on the Sugar Creek Inn in Henderson, Kentucky. (ECF No. 5 ¶ 51).

In sum, the first private factor weighs against transfer, while the second, third, and fifth factors favor transfer, and the fourth factor also favors transfer, though minimally.

### ***2. Public Interest Factors***

The Court also considers four public-interest factors. These are: (1) "the court's interest in judicial economy"; (2) "docket congestion"; (3) "local interest in deciding the controversy at home"; and, in diversity cases, (4) "the interest of conducting the trial in the forum of the governing law." *Olin-Marquez*, 586 F. Supp. 3d at 778. The public interest analysis is imbued by "the public's general interest in 'systemic integrity and fairness.'" *Id.*

#### *a. Judicial Economy and Docket Congestion*

The first and second public interest factors inquire into judicial economy and docket congestion.

As the Court has often-explained, its "familiarity with the merits of hotel TVPRA litigation weighs against transfer," *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *19–20, based on its

experience managing a docket of related cases.[3] But since that time, many more federal courts have had occasion to consider similar cases—including in the proposed transferee district. *E.g.*, *L.H. v. Red Roof Inn, Inc.*, 2023 WL 5725574 (W.D. Ky. Sept. 5, 2023). In fact, the Court recently cited *L.H.* in one of its own decisions. *M.H. v. Red Roof Inns, Inc.*, 2026 WL 2686738, at *5 (S.D. Ohio Sept. 14, 2026) (Marbley, J.). So, both this district and the proposed transferee district are well-positioned to handle this case, just as both are equally competent as federal courts to interpret the TVPRA. Moreover, this case is unique, since Plaintiff's alleged trafficker was criminally prosecuted in the proposed transferee district. Thus, it may well be the case that the transferee district would be better positioned to oversee litigation of this matter, given its familiarity with the related criminal prosecution. *See id.* at *20 (recognizing the need "to promote fair and consistent resolution" of cases, along with the desire to avoid "duplicative" labor). In this instance, the first factor is neutral, given that the transferee district would already have exposure and familiarity with relevant underlying facts.

There do not appear to be manifest docket congestion issues that would either favor or counsel against transfer. The second factor is neutral. *Cf. Edlow*, 2026 WL 1551970, at *11.

*b. Local Interest and Governing Law*

The third and fourth factors consider the local interest in deciding the lawsuit, as well as potential variances in governing law of the different states.

The local interest in this dispute is, of course, most readily apparent in Kentucky—where Plaintiff and Defendant reside, where Plaintiff was allegedly trafficked, and where her alleged

---

[3] As of mid-2026, the Court had approximately 100 related cases on its docket.

trafficker was prosecuted and sentenced.[4] That local interest also is in tension with the nation's own discrete interest in the adjudication of civil claims brought by survivors of sex trafficking, as demonstrated by the decision of Congress, in enacting 18 U.S.C. § 2255, "to give minors harmed . . . the flexibility to sue in any appropriate federal district court where venue is proper." *In re Hotel TVPRA Litig.*, 2023 WL 3075851, at *20. The Court finds that the local interest in this case does favor a transfer to the Western District of Kentucky, particularly given the case's center of gravity is there and that district oversaw the prosecution of Plaintiff's alleged trafficker. Moreover, unlike other cases, this case does not present any issue of alleged corporate misconduct or policies that facilitated or turned a blind eye to human trafficking in hotels. Still, the Court has previously determined that, considering the statutory text and Congressional intent to craft a civil remedy in this way, "a location's interest in the matter is weighed less heavily than the private interest of the minor harmed when filing in that district." *Id.* Thus, to the extent this factor favors transfer, its weight is marginal, given the minimal weight the Court has assigned Plaintiff's apparent desire to proceed in this forum.

Finally, the governing law of the forum is inapplicable because this case arises under federal statutes. *Edlow*, 2026 WL 1551970, at *11.

In sum, one public interest factor favors transfer, while the rest do not impact the analysis. There does not appear to be any compelling public interest in deciding the controversy here.

***3. Systemic Integrity and Fairness***

Taken as a whole, the private interest factors dominate and decisively favor transfer. Unlike other cases involving multiple corporate defendants and claims arising across multiple fora, *see In*

---

[4] (ECF No. 5 ¶ 71 n.18); Joshua Murray, *KY Man Sentenced to 10 Years for Human Trafficking*, Heartland News (Nov. 9, 2015), available at https://www.kfvs12.com/story/30475376/ky-man-sentenced-to-10-years-for-human-trafficking/ (last visited Sept. 19, 2026).

*re Hotel TVPRA Litig.*, 2023 WL 3075851, at *21, this case and the parties are centered on the Commonwealth of Kentucky, not the State of Ohio.

Moreover, to the extent the public interest factors do apply, the local interest applies and favors transfer. While the Court has expertise in familiarity with this area of law, and Plaintiff's counsel may wish to litigate here for convenience or strategic considerations, the Court will not elevate these considerations over the myriad factors showing why transfer to the Western District of Kentucky would be appropriate.

To be sure, the Court is not persuaded by Defendant's forum-shopping arguments, which at any rate are conclusory and unsupported by legal authority. Indeed, the focus of § 1404(a) is "to make venue convenient"—the statute is not meant to allow defendants "to use inconvenience to discourage plaintiffs from exercising opportunities that they already have." *Ferens v. John Deere Co.*, 494 U.S. 516, 528 (1990). At the same time, however, the Court does not credit arguments made by Plaintiff's counsel that Plaintiff herself has a deep and abiding desire to litigate in this district. There is no evidence on the record to support this. *See Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001) (declining to accept plaintiff's argument regarding plaintiff's choice of forum where the argument was "never substantiated" by evidence). Whether Plaintiff's decision to sue in this district was due to strategic forum-shopping or some other consideration is irrelevant at this juncture, where the question is whether the Court should, in its discretion, transfer the case. Because Plaintiff has not proffered a compelling reason to pursue her claims here, her desire to proceed in this forum as an out-of-state litigant is sharply discounted, given that no allegations relate to Ohio. *See Piper Aircraft Co.*, 454 U.S. at 255–56. Moreover, any benefit the Court's experience might lend here is tempered by the fact that Plaintiff's trafficker was prosecuted in the proposed transferee district. The balance of the private

and public interests decisively favor transfer, and it appears that transfer would further systemic integrity and fairness across these cases.

## III. CONCLUSION

Defendant JP & MC, LLC's Motion to Dismiss (ECF No. 11) is **GRANTED in part** and **DENIED in part**. To the extent that Defendant seeks to dismiss for lack of personal jurisdiction, that request is **DENIED as moot**. But Defendant's request to transfer is **GRANTED**.

This action is **TRANSFERRED** to the U.S. District Court for the Western District of Kentucky.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 22, 2026**